USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
LUIS SANCHEZ,  :
:
                       Petitioner,  :         04-CR-36 (VEC)
:
         -against-  :
:        MEMORANDUM
UNITED STATES OF AMERICA,  :        OPINION & ORDER
:
                       Respondent.  :
---------------------------------------------------------- X
VALERIE CAPRONI, United States District Judge:

Petitioner Luis Sanchez, proceeding *pro se*, moves pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Dkt. 272. On November 28, 2006, Petitioner pleaded guilty to attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 1952; on February 28, 2007, Judge Robert Patterson sentenced Petitioner to 20 years' imprisonment. *See* Amended Presentence Investigation Report ("PSR") at 1, Dkt. 258; Gov't Resp. at 4–5, Dkt. 281. By letter dated May 25, 2020, Petitioner filed a motion — nominally under 18 U.S.C. § 3585(a) and (b), Federal Rule of Criminal Procedure 35, and U.S. Sentencing Guidelines ("U.S.S.G.") § 5G1.3(b) — seeking credit for time served in state custody. Petition, Dkt. 272. The Court construed part of his motion as a petition pursuant to 28 U.S.C. § 2241, asserting a claim under 18 U.S.C. § 3585. Dkt. 280. The Court also construed part of his motion as a petition pursuant to 28 U.S.C. § 2255, asserting that the sentencing court, pursuant to U.S.S.G. § 5G1.3, should have credited prior time served in state custody. *Id.* Upon careful review of Petitioner's arguments, the Court finds that Petitioner's motion is both time-barred and procedurally barred, and, accordingly, the Petition is DENIED.

## BACKGROUND

On January 8, 2003, Petitioner was arrested after selling heroin to an undercover police officer.  *See* PSR ¶¶ 36, 75.  On March 23, 2004, Petitioner was sentenced in Bronx County Supreme Court to 30 months to 5 years' imprisonment for the New York State offense of criminal sale of a controlled substance in the third degree.  *Id.* ¶ 74.  While incarcerated on the state offense, Petitioner, along with multiple codefendants, all of whom were members of the same criminal organization, was indicted by a federal grand jury.  *See* Dkt. 24; Dkt. 47; Dkt. 68.  Superseding Indictment S4, filed on April 21, 2005, is the operative indictment: Petitioner and nine others were charged in 43 counts with conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, Hobbs Act robbery, using and carrying a firearm in furtherance of a crime of violence, murder, and a narcotics conspiracy.  *See* Indictment, Dkt. 68.  On November 28, 2006, mid-trial, Petitioner pleaded guilty to a single charge of attempted Hobbs Act robbery.  *See* Gov't Resp. at 4; Judgment, Dkt. 153.

Petitioner appeared before Judge Patterson for sentencing on February 28, 2007.  *See* Sentencing Tr., Dkt. 281-1.  Judge Patterson sentenced Petitioner to the statutory maximum of twenty years' imprisonment, followed by three years of supervised release.  *See* Judgment.  Prior to sentencing, the Probation Department recommended that Petitioner's federal sentence run consecutively to his undischarged state term of custody, pursuant to U.S.S.G. § 5G1.3(c).  PSR at 32.  At the sentencing hearing, Judge Patterson, with input from the Government and Petitioner's counsel, considered Petitioner's undischarged state sentence and whether he was required to, or should exercise discretion to, credit any of the time that Petitioner had served in state custody in calculating his federal sentence.  *See* Sentencing Tr. at 5–8; 11–22; 27–28.  Ultimately, Judge Patterson decided to reject Mr. Sanchez's request that the sentence be imposed concurrently to

Petitioner's state sentence and instead imposed a sentence consecutive to his undischarged state sentence. *See id.* at 27–28.[1]

Petitioner appealed his sentence, arguing that the district court should have applied U.S.S.G. § 5G1.3(b) rather than § 5G1.3(c)[2] to find that Petitioner's federal sentence should run concurrently to his state sentence. *See* Mandate at 2, Dkt. 215. On March 11, 2009, the Second Circuit affirmed, finding that the district court had properly applied U.S.S.G. § 5G1.3(c) and "acted well within its discretion in imposing the sentence to run consecutively to the state sentence." *Id.* at 2–3.

On May 25, 2020, Petitioner filed a motion seeking recalculation of his sentence and requesting that the Court credit his time served in state custody. *See* Petition. The Government opposed Petitioner's motion, construing it as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Dkt. 278. As such, the Government argued that this Court lacks jurisdiction over Petitioner's motion. *Id.* at 1. A Section 2241 habeas petition must be brought against the warden of the facility in which the petitioner is incarcerated, in the district of incarceration; because Petitioner is presently incarcerated at U.S.P. Beaumont, the Government contended that he must bring his motion pursuant to Section 2241 in the Eastern District of Texas. *Id.* While the Court agreed that part of Petitioner's motion should be construed as a Section 2241 petition, the Court also construed part of his motion to be a petition pursuant to 28 U.S.C. § 2255, challenging the sentencing court's decision not to credit his prior state custody

---

[1] As reflected in the Sentencing Transcript, Judge Patterson misspoke in stating that, "I don't think I can make the sentence to run *consecutive* in view of the defendant's behavior, as reflected in the presentence report." *Id.* at 28 (emphasis added). On appeal, the Second Circuit confirmed that Judge Patterson imposed a consecutive sentence, notwithstanding his mistaken statement at the sentencing hearing. *See* Mandate at 2, Dkt. 215.

[2] In 2014, U.S.S.G. § 5G1.3(c) was redesignated and is today known as § 5G1.3(d). *See* U.S. Sent'g Guidelines Manual, app. C (U.S.Sent'g Comm'n 2018), https://guidelines.ussc.gov/ac/787 (last visited February 15, 2021).

under U.S.S.G. § 5G1.3.  *See* Dkt. 280.  On August 7, 2020, the Government filed a response in opposition to the portion of Petitioner's motion brought pursuant to Section 2255.  *See* Dkt. 281.  Petitioner did not file a reply in further support of his motion.

## DISCUSSION

### I.    Legal Framework

The Court notes at the outset that Petitioner is proceeding *pro se*, and "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'"  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

By means of a Section 2255 petition, a petitioner "may move the court which imposed [petitioner's] sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Relief under Section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Brama v. United States,* No. 08-CV-1931, 2010 WL 1253644, at *2 (S.D.N.Y. Mar. 16, 2010) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).  Further, "[a]s a general rule § 2255 petitioners may not raise on collateral review a claim previously litigated on direct appeal."  *Abbamonte v. United States*, 160 F.3d 922, 924 (2d Cir. 1998).

### II.   Discussion

Petitioner's motion under § 2255 is both time-barred and procedurally defaulted.  Petitions brought pursuant to § 2255 are subject to a one-year period of limitation, which runs from the latest of "four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right

asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence." *Christman v. Collins*, Nos. 14-CR-236, 20-CV-8124, 2020 WL 6136102, at *1 (S.D.N.Y. Oct. 19, 2020) (citing 28 U.S.C. § 2255(f)). For a defendant who unsuccessfully challenges his sentence on direct appeal, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Unless Petitioner can demonstrate that one of the other three benchmark dates applies, *see* 28 U.S.C. § 2255(f), or that exceptional circumstances warrant equitable tolling of the limitations period, *see Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001) ("[A] district court may grant an extension of time to file a motion pursuant to Section 2255 only if (1) the moving party requests the extension upon or after filing an actual Section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period."), his time to file a Section 2255 petition expired, at most, one year plus 150 days after February 11, 2009, the date on which the Second Circuit issued its judgment affirming his sentence, *see* Sup. Ct. R. 13 (requiring that petitions for writs of certiorari be filed within 90 days after entry of judgment, which may be extended for good cause by a period not to exceed 60 days).

      Petitioner makes no attempt to demonstrate that any newly recognized rights or newly discovered facts have arisen since the time of his sentencing, nor does he assert that there was a government-created impediment that prevented him from filing a Section 2255 prior to May 2020. The Court is similarly unaware of any such change in law, revelation of previously undisclosed facts, or government-imposed impediment that inhibited Petitioner from bringing his Section 2255 petition at an earlier date. Petitioner likewise does not assert facts supporting a

finding that exceptional circumstances warrant equitable tolling of the statute of limitations. Petitioner's motion was submitted on May 25, 2020, approximately ten years after the applicable limitations period expired; the element of Petitioner's motion filed pursuant to Section 2255 is therefore denied as time-barred.

Petitioner's motion is also procedurally defaulted.  "It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'"  *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001) (quoting *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992)).  Petitioner appears to raise two separate arguments bearing on U.S.S.G. § 5G1.3.  First, Petitioner contends that the Second Circuit identified as an issue but did not decide whether a pre-2003 amendment to § 5G1.3(b) should be applied to cases like his, where sentence was imposed after, but the offense occurred before, the amendment took effect.  *See* Dkt. 272 at 3.  Second, Petitioner argues that the sentencing court should have applied § 5G1.3(b) rather than § 5G1.3(c) — now § 5G1.3(d) — which would have required his federal sentence to run concurrent to his state sentence, rather than exercising discretion under then-§ 5G1.3(c) to run the federal sentence consecutive to the state sentence.  *See id.* at 2–3.

Close review of the Second Circuit's March 11, 2009 Mandate, however, reveals that each of these issues was raised and considered on direct appeal.  The Second Circuit plainly considered which subsection of § 5G1.3 the district court should have applied, concluding that the court was correct to apply then-§ 5G1.3(c) rather than § 5G1.3(b).  *See* Mandate at 3 ("Section 5G1.3(b) therefore does not apply, and the district court was correct to apply section 5G1.3(c).").  The Second Circuit also explicitly noted that it need not determine whether the pre- or post-2003 version of § 5G1.3(b) should have been applied in Petitioner's case, as the result would be the same under *either* version.  *See id.*  Both of Petitioner's contentions concerning the

Sentencing Guidelines were, therefore, raised and considered on direct appeal, procedurally barring Petitioner from raising those issues again in a Section 2255 petition. *See United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255.").

## CONCLUSION

For the foregoing reasons, the Petition is denied. The Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right. *See Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied.

Not later than **March 2, 2021**, the Government must show cause why the Court should not transfer the remaining portion of Petitioner's motion brought pursuant to 28 U.S.C § 2241, asserting a claim under 18 U.S.C. § 3585, to the Eastern District of Texas.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 272. The Clerk of Court is further requested to mail a copy of this order to Petitioner at: Luis Sanchez, #56930-054, USP-Beaumont, P.O. Box 26035, Beaumont, TX 77720.

**SO ORDERED.**

Date: **February 16, 2021**  
New York, NY

**VALERIE CAPRONI**  
**United States District Judge**