USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
LUIS SANCHEZ,                                                :
                                                             :
                                        Petitioner,          :     04-CR-36 (VEC)
                -against-                                    :
                                                             :     ORDER
UNITED STATES OF AMERICA,                                    :
                                                             :
                                        Respondent.          :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on February 28, 2007, Petitioner was sentenced to 20 years' imprisonment after pleading guilty to a single count of attempted Hobbs Act robbery (Dkt. 153);

       WHEREAS by letter dated May 25, 2020, Petitioner filed a motion — nominally under 18 U.S.C. § 3585(a) and (b), Federal Rule of Criminal Procedure 35, and U.S. Sentencing Guidelines ("U.S.S.G.") § 5G1.3(b) — seeking recalculation of his sentence and credit for time served in state custody (Dkt. 272);

       WHEREAS the Court construed part of his motion as a petition pursuant to 28 U.S.C. § 2241, asserting a claim under 18 U.S.C. § 3585, and construed part of his motion as a petition pursuant to 28 U.S.C. § 2255, challenging the sentencing court's decision not to credit his prior state custody under U.S.S.G. § 5G1.3 (Dkt. 280);

       WHEREAS the Court opted to retain jurisdiction over the portion of his motion brought pursuant to Section 2255;

       WHEREAS on February 16, 2021, the Court denied as time-barred and procedurally defaulted the portion of Petitioner's petition brought pursuant to Section 2255 (Dkt. 282);

WHEREAS the Court ordered the Government to show cause why it should not transfer the remaining portion of Petitioner's motion brought pursuant to 28 U.S.C. § 2241 to the Eastern District of Texas, Petitioner's jurisdiction of incarceration; and

WHEREAS on February 26, 2021, the Government responded to the Court's order, agreeing that the remainder of Petitioner's motion should be transferred to the Eastern District of Texas (Dkt. 283);

IT IS HEREBY ORDERED that this matter is TRANSFERRED to the United States District Court for the Eastern District of Texas for resolution of the portion of Petitioner's motion brought pursuant to 28 U.S.C. § 2241.  A petition for writ of habeas corpus brought under Section 2241 in which a petitioner seeks to challenge his present physical confinement must be brought against the warden of his Bureau of Prisons ("BOP") facility in the district in which he is presently confined.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *United States v. Smalling*, 644 F. App'x 3, 5 (2d Cir. 2016) (holding that a "proceeding pursuant to 28 U.S.C. § 2241 . . . must be brought against the BOP in the district in which [the petitioner] is incarcerated, which, at present, is not within this Circuit.").

At the time Mr. Sanchez submitted his petition, he was incarcerated at U.S.P. Beaumont, in Beaumont, Texas.  *See* Dkt. 272.  As of the date of this Order, Mr. Sanchez is still incarcerated at U.S.P. Beaumont.  *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 4, 2021) (inmate locater number 56930-054). The proper respondent for Mr. Sanchez's motion pursuant to Section 2241 is the warden of U.S.P. Beaumont, and the proper forum for his motion is the Eastern District of Texas.

Pursuant to 28 U.S.C. § 1406(a), when a case is filed in the wrong district, the district court may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Whether dismissal or transfer [under § 1406(a)] is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). Considering Petitioner's *pro se* status, the Court finds that the interests of justice warrant transferring this action to the Eastern District of Texas, rather than dismissal.

Accordingly, the Clerk of Court is respectfully directed to transfer Petitioner's habeas petition to the Eastern District of Texas and close the motion at Dkt. 272. The Clerk of Court is further requested to mail a copy of this order to Petitioner at: Luis Sanchez, #56930-054, USP-Beaumont, P.O. Box 26035, Beaumont, TX 77720.

**SO ORDERED.**

Date:  March 4, 2021
      New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**