USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
   LUIS SANCHEZ,

                             Petitioner,        04-CR-36 (VEC)
      -against-

                                              ORDER
   UNITED STATES OF AMERICA,

                             Respondent.
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on November 4, 2022, Luis Sanchez moved for compassionate release pursuant to 18 U.S.C. § 3582(c), *see* Petitioner Mot., Dkt. 304;[1]

      WHEREAS on December 6, 2022, the Government opposed Mr. Sanchez's motion for compassionate release and provided Mr. Sanchez's Bureau of Prisons ("BOP") medical records under seal and disciplinary and educational records on the docket, *see* Gov't Response, Dkt. 307;

      WHEREAS on December 19, 2022, Mr. Sanchez replied in further support of the motion, *see* Petitioner Reply, Dkt. 308;

      WHEREAS Mr. Sanchez has satisfied the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A), *see* Petitioner Mot. at 2; Ex. A, Dkt. 304;

      WHEREAS this Court may reduce Mr. Sanchez's term of imprisonment if, after considering the Section 3553(a) factors to the extent applicable, it determines that extraordinary and compelling reasons warrant such a reduction, *see* 18 U.S.C. § 3582(c)(1)(A); and

---

[1]    Mr. Sanchez previously moved for compassionate release *pro se* on July 26, 2021, *see* 2021 Mot., Dkt. 286, but subsequently requested and was appointed counsel to renew his motion, *see* Counsel Request, Dkt. 290; Order, Dkt. 291. Mr. Sanchez also asked the Court to include a September 29, 2021 prison memorandum regarding COVID-19 as part of the record for his compassionate release motion. *See* Dkt. 293. The Court hereby confirms that it has taken that memorandum into account.

WHEREAS the Court has discretion to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might" put forth in seeking a sentence reduction and is not bound by policy statements or guidance articulated by the Sentencing Commission or BOP, *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020);

IT IS HEREBY ORDERED that Mr. Sanchez's motion for compassionate release is DENIED because Mr. Sanchez has not demonstrated extraordinary and compelling reasons justifying a reduction in his sentence.

Mr. Sanchez asserts that his sentence should be reduced because (1) BOP repeatedly transferred him to facilities far away from New York, where his family resides and where Judge Patterson recommended he be incarcerated; (2) he was incorrectly categorized as a "sex offender" while incarcerated at USP Beaumont; (3) his older sister died unexpectedly, leaving three children with special needs under the care of his ailing parents; (4) he has pursued education and employment while in prison; (5) he plans to live with his long-term girlfriend and to work as a mechanic upon his release; (6) he has served most of his 20-year sentence; and (7) the hardship of his sentence was enhanced by the COVID-19 pandemic. *See generally* Petitioner Mot.[2]

Although Mr. Sanchez's transfers to facilities outside of the New York City area are unfortunate, such transfers are ultimately within the BOP's discretion.[3] *See Levine v. Apker*, 455

---

[2]   Mr. Sanchez's original, *pro se* motion does not raise any other material arguments. *See generally* 2021 Mot. In opposition, the Government argues that Mr. Sanchez's relocation far from family is "unfortunately common" rather than extraordinary, that his parents' need to care for three children is an "inevitable" consequence of incarceration, that he has not shown that he would be entitled to early release but for BOP's error while he was incarcerated at USP Beaumont, that he was disciplined for "serious conduct," that he has been vaccinated and has not experienced lasting effects despite contracting COVID-19, that he is receiving treatment for hypertension and is not at meaningful risk of contracting the virus again, and that the Section 3553 factors compel denial of his motion because of the seriousness of his crime. *See generally* Gov't Response.

[3]   Mr. Sanchez could have challenged BOP's transfers by filing a habeas corpus petition. *See Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) ("A motion pursuant to § 2241 generally challenges the execution of a

F.3d 71, 83 (2d Cir. 2006) ("The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility.") (citing *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995)); *United States v. Bass*, No. 10-CR-0166 (LEK), 2020 WL 2831851, at *6 n.7 (N.D.N.Y. May 27, 2020) ("The Court does not have the authority, for instance, to compel BOP to transfer [the defendant] to another facility . . . .") (citations omitted). While the Court sympathizes with the difficulties Mr. Sanchez and his family experienced with respect to visits, those circumstances are not sufficiently unusual to warrant a reduction in his sentence. *See United States v. Stevens*, 459 F. Supp. 3d 478, 487 (W.D.N.Y. 2020) (concluding that a petitioner's "desire to be transferred closer to his family," which he was "already challenging" through a pending habeas corpus petition, was "understandable" but did not warrant reducing his sentence).

The Government does not dispute that Mr. Sanchez was incorrectly classified as a "sex offender" when he was incarcerated at USP Beaumont. *See* Gov't Response at 5. Mr. Sanchez has not indicated, however, that this BOP error had any impact on his ability to accrue credits for good behavior ("Good Conduct Time") pursuant to 18 U.S.C. § 3624(b). Indeed, Mr. Sanchez was sentenced to twenty years' imprisonment on February 28, 2007, to be served consecutively to a previously-imposed state sentence,[4] and he is scheduled to be released on December 1, 2024. *See* Petitioner Mem. at 1, 11–12, Gov't Response at 1–2. Taking into account that Mr. Sanchez lost 75 days of Good Conduct Time due to disciplinary infractions, *see* Disciplinary Record, Dkt. 307-2, his anticipated release date appears not to have been affected by his erroneous

---

federal prisoner's sentence, including such matters as . . . prison disciplinary actions, prison transfers, type of detention and prison conditions.") (citation omitted). The Court is not aware of any habeas petition Mr. Sanchez filed to challenge a relocation.

[4] The Second Circuit affirmed Judge Patterson's decision to impose Mr. Sanchez's federal sentence consecutively to his state sentence. *See United States v. Fernandez*, 309 F. App'x 461, 463 (2d Cir. 2009).

classification.[5]  Although Mr. Sanchez asserts that BOP's error "made him ineligible for programs and time credit changes that could have shortened his period of imprisonment[,]" Petitioner Mem. at 5, Mr. Sanchez does not specify in either his motion or his reply any programs or time credits of which he was deprived.  Because BOP's error does not appear to have had any impact on Mr. Sanchez's sentence, it is not an extraordinary and compelling reason to release Mr. Sanchez early.  *See United States v. Kaid*, No. 16-CR-281 (PGG), 2021 WL 2134793, at *5 n.2 (S.D.N.Y. May 25, 2021) (stating while denying a compassionate release motion that the petitioner had "not shown that BOP . . . committed any error in calculating his projected release date"); *United States v. Shannon*, No. 14-CR-6136 (FPG), 2021 WL 1807867, at *2 (W.D.N.Y. May 6, 2021) (holding that an ultimately corrected error in crediting a defendant's time spent in state custody was "not sufficiently compelling to warrant early release" pursuant to a compassionate release motion).

The death of Mr. Sanchez's sister and his parents' ensuing undertaking to care for three children with learning disabilities (two grandchildren and one great-grandchild), while tragic, also does not warrant Mr. Sanchez's early release.  Although courts have recognized that defendants may seek compassionate release based on extenuating "[f]amily circumstances" other than those specified in the comments to the guidelines governing compassionate release, which do not apply here,[6] *see United States v. Yoda*, No. 15-CR-95 (AJN), 2020 WL 5502325, at *2

---

[5]     If BOP's error had in fact affected Mr. Sanchez's sentence, he could have challenged the error as part of his June 2020 § 2241 petition (the "Habeas Petition").  *See* Habeas Petition, Dkt. 272; *Carmona v. BOP*, 243 F.3d 629, 632 (2d Cir. 2001) (concluding that a petitioner's efforts to expunge BOP's disciplinary sanctions from his record, "including the loss of good time credits," was a challenge to the execution of his sentence that was "properly brought via an application for a writ under § 2241").

[6]     The guidelines provide that "extraordinary and compelling" circumstances that may warrant a reduced sentence include the death of a defendant's minor child's caregiver and the incapacitation of a defendant's spouse or registered partner when the defendant would be the child's only available caregiver.  *See* U.S.S.G. § 1B1.13(1)(A), cmt. n.1(C).

4

(S.D.N.Y. Sept. 11, 2020) (collecting cases), a defendant seeking release to care for a family member must nevertheless show extraordinary circumstances. That would include circumstances where the family member "depend[s] exclusively" on the defendant for care, *id.* at *3; *see also United States v. Patel*, No. 14-CR-158 (AKH), 2021 WL 2941117, at *2 (S.D.N.Y. July 9, 2021) (denying a defendant's compassionate release motion in part because the defendant was "not the only available caregiver for his mother" given that his siblings could care for her despite facing "difficulties"); *United States v. Lytch*, No. 02-CR-891 (ARR), 2020 WL 7488880, at *1 (E.D.N.Y. Dec. 21, 2021) (denying a defendant's compassionate release motion in part because he did not "establish[] that he [was] the only person who could care for his mother and sisters").

  Mr. Sanchez has not met this high burden. His parents, although ailing and financially constrained, are available to care for his sister's children and grandchild. *See* Petitioner Mot. at 7. Moreover, there is no evidence that Mr. Sanchez's niece would be unable to take care of her child, who currently lives with Mr. Sanchez's parents, if the burden of caring for three children became unmanageable to them. Finally, although it is admirable that Mr. Sanchez wishes to assist in the care of his minor niece and nephews, the circumstances surrounding the care of those children is sadly not extraordinary.

  Mr. Sanchez's rehabilitation efforts are also insufficient to warrant his early release. Although his letter confirming the offer of employment as a mechanic upon release and his efforts to educate himself are encouraging, Mr. Sanchez did not submit any affidavits or other evidence substantiating that he has a workable re-entry plan. Although he represents that he would reside with his long-term girlfriend, he has submitted no confirmation that she is prepared to allow him to live with her or that she has agreed to assume responsibility for his sister's

children and grandchild upon his release. *See United States v. Campbell*, No. 17-CR-54 (NRB), 2022 WL 2305761, at *1 (S.D.N.Y. June 27, 2022) (concluding that a defendant failed to show extraordinary and compelling circumstances warranting his release in part because he failed to submit "any evidence" that he had extenuating medical conditions); *United States v. Poupart*, No. 11-CR-116 (JBA), 2021 WL 917067, at *2 (D. Conn. Mar. 10, 2021) (concluding that a defendant failed to show extraordinary and compelling circumstances warranting his release in part because he failed to submit "any evidence, such as affidavits, medical records, or social services reports" reflecting that he was the only child available to care for his mother).  Even if Mr. Sanchez had provided more fulsome evidence, his rehabilitation efforts, in light of the extraordinary violence that was involved in this case, are not enough to present extraordinary and compelling circumstances.  *See United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020) (noting that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason" for a reduced sentence) (internal quotation marks and citation omitted); *United States v. Rojas*, No. 19-CR-467 (PKC), 2022 WL 14784607, at *4 (S.D.N.Y. Oct. 26, 2022) (concluding that the defendant's "good behavior and employment during his incarceration, while encouraging . . . d[id] not justify his release").  Moreover, Mr. Sanchez's disciplinary record includes infractions as recently as 2018, offsetting some of his more salutary conduct.  *See United States v. Butler*, No. 18-CR-834-10 (PAE), 2022 WL 17968627, at *3 (S.D.N.Y. Dec. 27, 2022) (noting that a defendant's "recent disciplinary infraction," though "not decisive[,]" weighed against granting his compassionate release motion).

The Court is also not swayed by the fact that Mr. Sanchez has served most of his 20-year sentence.  The sentence that Judge Patterson imposed, although lengthy, was commensurate with the seriousness of his crime and his extensive prior criminal record.  Mr. Sanchez led a criminal

organization that committed countless armed robberies and acts of violence, including homicide, and he did so after having numerous prior interactions with the criminal justice system.

Mr. Sanchez's final argument, that hardship caused by the COVID-19 pandemic weighs in favor of his release, is also unavailing. The COVID-19 pandemic has undoubtedly made prison sentences harsher. But Mr. Sanchez does not have any underlying medical issues other than a "blood pressure condition," which he acknowledges may or may not be affected by COVID-19 and for which he is receiving treatment, and he has not exhibited lasting medical issues from contracting COVID-19. Petitioner Mem. at 13–14. In light of access to vaccines,[7] prison protocol improvements, reduced infection rates, and effective therapeutics, even defendants with medical conditions that are comorbidities with COVID-19 have been denied compassionate release. *See, e.g.*, *United States v. Hough*, No. 19-CR-873 (LGS), 2022 WL 16555310, at *2 (S.D.N.Y. Oct. 31, 2022) (concluding that "[w]hile vaccination does not mitigate all risk, it . . . contribute[d] to a finding . . . that COVID-19 d[id] not create an extraordinary and compelling circumstance, particularly given [the] [d]efendant's relatively less severe and well managed health concerns[,]" including pre-diabetes and asthma); *United States v. Morel*, No. 10-CR-798 (PAC), 2021 WL 2821107, at *1 (S.D.N.Y. July 7, 2021) (denying a defendant's motion for compassionate release in part because he was fully vaccinated and did not explain how BOP had failed to treat his hypertension, Lyme disease, high cholesterol, and obesity). Moreover, Mr. Sanchez's current facility, Federal Correctional Institute Mendota, currently has no infected inmates or staff members. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jan. 10, 2023); *see also United States v. Gomez*, No. 15-CR-348 (PGG), 2022 WL 61317, at *3 (S.D.N.Y. Jan. 5, 2022) (denying a defendant's

---

[7] The Court encourages Mr. Sanchez to seek and obtain a booster shot to further protect him from COVID-19 if he has not already done so.

motion for compassionate release in part because there were only two active COVID-19 cases among its staff and none among its inmates).

    For all of these reasons, Mr. Sanchez's application for compassionate release is DENIED. The Clerk of Court is respectfully directed to close the open motions at Dkts. 286, 290, 293, and 304.

**SO ORDERED.**

Date: **January 10, 2023**
      **New York, NY**

                        **VALERIE CAPRONI**
                        **United States District Judge**